UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MILTON WAYNE NETTLES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ORLANDO L. GARCIA, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:24-cv-00074 (UNA) |

**MEMORANDUM OPINION**

Plaintiff, who is currently in the custody of the Texas Department of Criminal Justice, initiated this matter on January 8, 2024, by filing a *pro se* complaint ("Compl."), ECF No. 1 through 1-4, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. Plaintiff failed, however, to submit a certified copy of his six-month trust account statement as required by 28 U.S.C. § 1915(a)(2). *See* Order, ECF No. 7. On January 26, 2024, the Court entered an order, *inter alia*, affording him a 30-day extension by which to submit his missing financial information. *See id.* at 2. On April 26, 2024, plaintiff submitted, albeit late, his six-month statement, ECF No. 8, and an accompanying amended IFP application, ECF No. 9. So the Court grants plaintiff's amended IFP application and denies his first IFP application as moot, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff sues at least 79 individuals, including state and federal judges, court employees, attorneys, and government officials; ostensibly everyone or anyone who plaintiff believes to be connected to his arrest, conviction, sentence, or post-conviction proceedings. *See* Compl. at 1–6, 18–24. The complaint itself is rambling, disorganized, and prolix, totaling 324 pages. *See id.* at

1–324. Due to the length of the complaint alone, neither the Court nor the defendants can reasonably be expected to identify plaintiff's intended claims. *See id*.

The allegations themselves fare no better. The complaint jumps confusingly from topic to topic, and its paragraphs are conflated and are not limited "to a single set of circumstances." Fed. R. Civ. P. 10(b). The complaint consists primarily of lengthy recitations of law, including plaintiff's personal interpretations and esoteric questions, as well as his dissatisfaction regarding his criminal proceedings that resulted in his state conviction, and his frustration as to the outcome of various other subsequent state and federal civil proceedings. *See generally* Compl. He demands damages and assorted equitable relief. *See id.* at 160–62.

First, *pro se* litigants must comply with the Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. Dist. of Colum.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. Dist. of Ccolum.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort*

*Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls into this category. Plaintiff's complaint is neither short nor plain, and it is impossible to identify and parse out plaintiff's intended claims and bases for subject matter jurisdiction.

Second, even if his claims could be understood, plaintiff cannot demand damages resulting from violations relating to his trial and conviction, because such relief is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a convicted individual may not ordinarily recover damages under 42 U.S.C. § 1983 for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid." *Id.* at 486. The only qualification to this otherwise broad prohibition is if a plaintiff can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87. Here, if judgment were to be granted in plaintiff's favor in this case, it "would necessarily imply the invalidity of his conviction." *Id.* at 487. Therefore, because plaintiff was found guilty and because there is no indication that the verdict has been set aside, he cannot recover damages for the actions of those who allegedly brought about his conviction. *See Williams*, 74 F.3d at 1341.

Third, this Court lacks subject matter jurisdiction to review the decisions of other federal courts. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) (finding it "axiomatic" that a federal court may order judges or officers of another federal court "to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts")

(citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994).  Similarly, this Court lacks jurisdiction to review or otherwise interfere with the decisions and actions of state courts.  *See Richardson v. D.C. Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *Feldman*, 460 U.S. at 476; *Rooker*, 263 at 413).

For all of these reasons, this case is dismissed without prejudice. Plaintiff's motion to issue subpoena, ECF No. 3, and motion for appointment of counsel, ECF No. 5, are both denied as moot. A separate order accompanies this memorandum opinion.

Date: July 10, 2024

TREVOR N. McFADDEN
United States District Judge